JAMES D. RAITT ET AL., APPELLANTS, v. FRANK D. COLSON ET AL., APPELLEES.

FILED JANUARY 31, 1920. No. 20692.

**New Trial:** COLLUSION. If in a cause of action attorneys enter into a secret agreement with one of defendants to hold him harmless, in consideration of his assistance to plaintiff, and such arrangement in any way affects the verdict, a new trial will be granted. But in the present case the agreement was not performed and a fair trial was had.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*W. M. Cain* and *J. C.'Cook,* for appellants.

*Sutton, McKenzie, Cox & Harris, Brome & Ramsey, C. O. Stauffer* and *J. A. Singhaus, contra.*

Aldrich, J.

Frank D. Colson sued James D. Raitt, Gilbert A. Palmer, and Robert A. Evans in an action at law for defrauding him of a large sum of money. The district court for Douglas county rendered judgment against the three defendants in his favor for $9,841.87. Raitt and Palmer brought this suit in equity to have that judgment set aside or new trial granted and now appeal from the decree refusing to grant relief prayed for.

The appellants contend that Colson's judgment was fraudulently obtained; that the alleged cause of action upon which it rests was released by the judgment creditor's releasing one of three joint defendants; that the appellees entered into a fraudulent conspiracy to prevent a fair trial. They claim an attorney for Evans and an attorney for Colson entered into a written agreement whereby Evans was to be released from any judgment that might be obtained against him and he was to furnish information to aid Colson; that all the appellees, defendants in this suit, knew of the collusive arrangement; that the agreement was carried out and Colson obtained a judgment for $9,841.87, which should be set aside; that the appellants did not know or learn of this agreement until several months after the case was tried.

It is admitted by appellees that the attorney for Evans and the attorney for Colson entered into, signed and delivered an agreement to release Evans from any judgment obtained against him. The record discloses that the contract was revoked and disregarded and a fair trial had; that only these two attorneys and one attorney for defendants in this case ever knew of the agreement, and that Evans did not know of it.

The contract was dictated by one of the attorneys and written with a typewriter by the other. There were two copies and each took one. The agreement was called off by telephone by the parties to it and was in no way executed. The parties went to trial, wholly disregarding the contract. Only Evans' attorney, Colson's attorney

and one other attorney knew. Evans was represented in the trial by his attorney, a party to said agreement. The appellants later learned of the secret agreement between the attorneys. The parties to the contract refused to comply with appellants' demands and the order of the court for production of the contract, consequently the affidavit of an attorney for appellants became the evidence as to its substance, in accordance with section 7960, Rev. St. 1913.

The secret agreement in substance was as follows: Frank D. Colson promised to hold Robert A. Evans harmless and indemnified from any and all liability on account of the certain cause of action in the suit last referred to and from any judgment that might be rendered therein, in consideration of Robert A. Evans continuing to appear as a *bona fide* defendant resisting the action of Frank D. Colson and at the same time aiding the plaintiff Colson to obtain judgment against himself and his codefendants in said action and in every way aiding the plaintiff in a recovery in this suit; that, in consideration of such aid and information to the plaintiff, Robert A. Evans should be released and discharged from all liability on account of this cause of action and judgment.

The agreement was revoked almost as soon as made and only three people knew of its existence. No one was harmed. Nothing was done by reason of it.

The judgment is therefore

AFFIRMED.